# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

<u>MRMS Property Management</u>

 v.           Case No. 17-cv-94-PB
              Opinion No. 2017 DNH 247

<u>Bayview Loan Servicing</u>

### <u>MEMORANDUM AND ORDER</u>

 This bankruptcy appeal arises from an attempt by a debtor in possession to recover attorney's fees incurred during the bankruptcy proceeding from a secured creditor's cash collateral. The bankruptcy court denied the debtor's request because the court concluded that the requested fees did not benefit the secured creditor. I reverse.

### I.  <u>BACKGROUND</u>

 MRMS Property Management, Inc. ("MRMS"), owned a single piece of commercial real estate that was subject to a mortgage held by Bayview Loan Servicing, LLC. ("Bayview"). Bayview also held an assignment of leases and rents that entitled it to income from the property if MRMS defaulted on its mortgage loan.

 MRMS neglected to maintain its property and refused to make necessary repairs. This prompted MRMS's sole tenant, Hudson

Medical Associates ("HMA"), to file a state court action seeking permission to pay its monthly rent into an escrow account until HMRS performed the required maintenance and repairs.  The court granted this request and HMA thereafter paid its rent into an escrow account.  At some point, MRMS also stopped paying its mortgage, which put the mortgage loan into default.

With the possibility of foreclosure looming, MRMS filed for Chapter 11 bankruptcy protection in June 2016.  Approximately a month later, MRMS filed a motion seeking an order from the bankruptcy court requiring HMA to turn over the withheld rent to MRMS.  Both HMA and Bayview opposed the motion, but the issue was ultimately resolved by a Stipulation and Order that directed HMA to turn over the withheld rent to MRMS's counsel.  The Stipulation and Order required counsel to maintain the withheld rent in his firm's escrow account, solicit proposals for all required maintenance and repairs, obtain approval for any work from both Bayview and HMA, and pay all contractors from the withheld rent.  The Stipulation and Order did not specify how counsel would be paid for his services.

In September 2016, after all necessary maintenance and repairs were completed, Bayview filed a motion asking the court to order MRMS to turn over what remained of the withheld rent.

MRMS objected and filed its own motion seeking permission to deduct approximately $7,000 from the withheld rent for fees that counsel incurred in complying with the Stipulation and Order.[1]

The bankruptcy court held a hearing on both motions in February 2017. After hearing from the parties, the court denied MRMS's motion and granted Bayview's motion. In reaching its decision, the bankruptcy court explained that MRMS was not entitled to recover counsel fees from the withheld rent because

> I think it's hard for me to conclude that those fees in and of themselves benefitted the collateral the same way that the funds expended for the services that were expended for the services that were rendered to the property did. And I do believe that the tenant and Bayview were on the cusp of an agreement to fund out of the rents the work that the tenant required in order to not – essentially declare the lease a breach and walk away from the property.

Doc. No. 6-1 at 30. This appeal followed.

## II.  **STANDARD OF REVIEW**

I review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. In re Donahue, BAP No. NH 11-026, 2011 WL 6737074 at *8 (Bankr. App. Panel 1st Cir. 2011).

---

[1] MRMS also sought reimbursement for other costs that are not at issue in this appeal.

3

## III. **ANALYSIS**

The bankruptcy court based its decision on 11 U.S.C. § 506(c), which provides that

> [t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including payment of all ad valorem property taxes with respect to the property.

To recover an expenditure from collateral under this provision, a debtor in possession such as MRMS must demonstrate that "(1) the expenditure was necessary, (2) the amounts expended were reasonable, and (3) the creditor benefitted from the expenses."[2] In re Domistyle, Inc., 811 F.3d 691, 695 (5th Cir. 2015) (quoting In re Delta Towers, Ltd., 924 F.2d 74, 76 (5th Cir. 1991)).

In the present case, the bankruptcy court reasoned that MRMS was not entitled to recover counsel fees from the withheld rent because the fees did not benefit Bayview in its capacity as a secured creditor.[3] I am unpersuaded by this analysis, both

---

[2] Although § 506(c) only expressly allows an executor to surcharge collateral, a debtor in possession may also obtain relief under § 506(c) because a debtor in possession is entitled to the rights of an executor pursuant to 11 U.S.C. § 1107. Hartford Underwriters Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 n.3 (2000).

[3] Bayview does not defend the bankruptcy court's ruling on appeal

4

because there is no evidence in the record to support the court's determination and because the court based its ruling on an incorrect legal standard.[4]

The bankruptcy court appears to have based its ruling on a finding that Bayview and HMA would likely have agreed on a process for completing the maintenance and repairs themselves if only MRMS had refrained from filing for bankruptcy protection and allowed HMA and Bayview to resolve the issue in state court. I cannot sustain the court's ruling because there is simply no evidence in the record to support the finding on which the ruling depends. Because the record contains no evidence on this issue, the bankruptcy court's finding that the parties would have reached an agreement on the maintenance and repairs themselves if MRMS had not filed for bankruptcy protection is

---

by claiming that counsel's fees were either unnecessary or unreasonable. Accordingly, I focus my analysis on whether the bankruptcy court correctly determined that the fees did not benefit Bayview.

[4] Bayview also argues that MRMS waived its right to seek fees from the withheld rent because the Stipulation and Order did not specify that counsel's fees would be paid from Bayview's collateral. I reject this argument. MRMS's right to surcharge collateral arises from § 506(c) rather than the Stipulation and Order. Therefore, the parties' silence on the issue in the Stipulation and Order does not waive MRMS's right to pursue its statutory remedy.

speculative.  Moreover, the evidence of the parties' behavior after MRMS filed for bankruptcy, if anything, suggests that counsel's oversight was needed to ensure that the maintenance and repairs were completed.  Because it is undisputed that the maintenance and repairs themselves benefitted Bayview, it follows that the work by counsel that was required to complete the maintenance and repairs was also beneficial to Bayview.

More fundamentally, I do not accept the premise underlying the court's ruling that an expense does not benefit a secured creditor if it becomes necessary only because the debtor files for bankruptcy protection.  In my view, the issue as to whether an expense incurred in bankruptcy benefitted a secured creditor must be resolved by asking whether the expense benefitted the creditor when the expense was incurred.  Here, the record demonstrates that both HMA and Bayview agreed that MRMS's counsel needed to oversee the maintenance and repair process and that agreement was embodied in the Stipulation and Order.  Because the maintenance and repair work clearly benefitted Bayview and circumstances made it necessary for MRMS's counsel to oversee that work, the fees counsel incurred in performing the work also plainly benefitted Bayview.

## IV. CONCLUSION

For the reasons set forth in this Memorandum and Order, the bankruptcy court's order denying MRMS's request for permission to surcharge the withheld rent for its counsel's fees is reversed. The case is remanded to the bankruptcy court for further proceedings consistent with this opinion.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 6, 2017

cc: Ann Marie Dirsa, Esq.
Christopher Fisher, Esq.
Peter Tamposi, Esq.

7